Matter of Ethan D. (Ivan D.) (2020 NY Slip Op 05746)





Matter of Ethan D. (Ivan D.)


2020 NY Slip Op 05746


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2019-02856
 (Docket Nos. N-12551-17, N-12552-17, N-12553-17, N-12554-17)

[*1]In the Matter of Ethan D. (Anonymous). Administration for Children's Services, petitioner-respondent; Ivan D. (Anonymous), et al., respondents; Holga T. (Anonymous), nonparty-appellant. (Proceeding No. 1.)
In the Matter of Evan D. (Anonymous). Administration for Children's Services, petitioner-respondent; Ivan D. (Anonymous), et al., respondents; Holga T. (Anonymous), nonparty-appellant. (Proceeding No. 2.)
In the Matter of Erik D. (Anonymous). Administration for Children's Services, petitioner-respondent; Ivan D. (Anonymous), et al., respondents; Holga T. (Anonymous), nonparty-appellant. (Proceeding No. 3.)
In the Matter of Elliot D. (Anonymous). Administration for Children's Services, petitioner-respondent; Ivan D. (Anonymous), et al., respondents; Holga T. (Anonymous), nonparty-appellant. (Proceeding No. 4.)


Heath J. Goldstein, Jamaica, NY, for nonparty-appellant.
James E. Johnson, Corporation Counsel, New York, NY (Aaron M. Bloom and Julia
Bedell of counsel), for petitioner-respondent.
Kenneth M. Tuccillo, Hastings-on-Hudson, NY, for respondent Ivan D.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), attorney for the children Ethan D. and Erik D.
James Gavin, Port Washington, NY, attorney for the child Evan D.
John C. Macklin, New Hyde Park, NY, attorney for the child Elliot D.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the maternal grandmother appeals from an order of the Family Court, Queens County (Mildred T. Negron, J.), dated March 7, 2019. The order, after a hearing, granted the petitioner's motion pursuant to Family Court Act § 1027 to remove the subject children from the custody of the maternal grandmother and place the children in the custody of the petitioner pending the determination of the proceedings.
ORDERED that the order is affirmed, without costs or disbursements.
On or about June 21, 2017, the petitioner filed petitions alleging that the subject children were abused and neglected by the mother and the father. Among other things, the petitioner alleged that the mother was suspected of suffering from a form of Munchausen syndrome by proxy, and that this condition led her to misrepresent the children's behavior and symptomology in order to convince medical and educational providers that the children required medical, behavioral, pharmaceutical, and surgical intervention, which, in large part, was not supported by medical evidence. In an order dated June 26, 2017, the Family Court directed the temporary release of the children to the custody of the maternal grandmother with the petitioner's supervision.
On February 10, 2019, the child Ethan presented to the emergency department of Maimonides Medical Center (hereinafter Maimonides) in critical condition. On February 12, 2019, after presenting to school with a fever, the child Elliot was transported by ambulance to the emergency department of Long Island Jewish Medical Center and diagnosed with pneumonia. On February 13, 2019, while Ethan was still hospitalized at Maimonides, the petitioner removed the other three children from the maternal grandmother's home. The petitioner thereafter moved pursuant to Family Court Act § 1027 to remove the children from the custody of the maternal grandmother and place the children in the custody of the petitioner pending the determination of the proceedings. After a hearing, the Family Court granted the petitioner's motion, and the maternal grandmother appeals.
In any case where a child has been removed without court order, the Family Court shall hold a hearing to determine whether the child's interests require protection, including whether the child should be returned to the parent or other person legally responsible, pending a final order of disposition (see Family Ct Act § 1027[a][i]). "Upon such hearing, if the court finds that removal is necessary to avoid imminent risk to the child's life or health, it shall remove or continue the removal of the child" (Family Ct Act § 1027[b][i]). "Such order shall state the court's findings which support the necessity of such removal" (Family Ct Act § 1027[b][ii]). "In determining whether removal or continuing the removal of a child is necessary to avoid imminent risk to the child's life or health, the court shall consider and determine in its order whether continuation in the child's home would be contrary to the best interests of the child and where appropriate, whether reasonable efforts were made prior to the date of the hearing . . . to prevent or eliminate the need for removal of the child from the home . . . [or] to make it possible for the child to safely return home" (Family Ct Act § 1027[b][ii]).
Since the Family Court has the advantage of viewing the witnesses and assessing their character and credibility, its determination in a hearing pursuant to Family Court Act § 1027 should not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Melody M. [Cierra B.], 176 AD3d 942, 943; Matter of Jorge T. [Christine S.], 157 AD3d 800, 801).
Here, there is a sound and substantial basis in the record for the Family Court's determination that the return of the children to the maternal grandmother's care presented an imminent risk to the children's life or health, which required the children's continued removal (see Family Ct Act § 1027; Matter of Melody M. [Cierra B.], 176 AD3d at 943). The evidence adduced at the hearing established that the maternal grandmother failed to fully comply with court orders directing that, except in an emergency, the children receive all of their medical care at Maimonides. The evidence further demonstrated that Ethan presented to the emergency department at Maimonides on February 10, 2019, in critical condition, and Elliot was brought by ambulance to the emergency department at Long Island Jewish Medical Center on February 12, 2019, with pneumonia after being brought to school with a fever of more than 103 degrees Fahrenheit. Moreover, an expert in [*2]pediatric medicine and child abuse opined that the maternal grandmother had a pattern of taking the children to the emergency room for nonurgent issues, and yet she failed to take Ethan to the emergency room in a timely manner when he was critically ill.
The parties' remaining contentions are without merit.
RIVERA, J.P., DILLON, MALTESE and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court